```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

ADVOCAT INC.
and DIVERSICARE MANAGEMENT SERVICES CO.
and DIVERSICARE LEASING CORP.,

      Plaintiffs,

v.                                        Civil Action No. 2:13-19119

CHARLES R. NUNLEY
on behalf of the Estate of
DOROTHY G. NUNLEY,

      Defendant.


## MEMORANDUM OPINION AND ORDER

Pending is the Motion to Abstain, or in the Alternative, Motion to Dismiss, filed on September 12, 2013, by the defendant, Charles Nunley, on behalf of the Estate of Dorothy Nunley ("Nunley").

Dorothy Nunley was admitted as a resident to the Boone Nursing & Rehabilitation Center (the "Center") on May 5, 2011, and remained there until her death on January 25, 2012.  On May 31, 2013, Nunley filed a lawsuit in the Circuit Court of Boone County, West Virginia, against the plaintiffs, Advocat Inc. ("Advocat"), Diversicare Management Services Co. ("Diversicare Management"), and Diversicare Leasing Corp. ("Diversicare

Leasing"), as well as three other parties, Sterling Health Care Management Inc. ("Sterling"), Omega Healthcare Investors, Inc. ("Omega"), and Steven Gardner ("Gardner"), who are not joined in this action. In his state-court action, Nunley asserted that Dorothy sustained personal injuries and ultimately died as a result of the negligence and malpractice of the state-court defendants.

Soon thereafter, on July 11, 2013, Advocat, Diversicare Leasing, and Diversicare Management -- but not Sterling, Omega, or Gardner -- filed a petition in this court seeking an order staying the state court proceeding and compelling Nunley to arbitrate his state-court claims against them. The plaintiffs contend that Nunley executed an arbitration agreement on Dorothy's behalf that requires his claims on behalf of her estate to be resolved through arbitration, rather than by the state-court action.

In his motion to dismiss,[1] Nunley argues, among other things, that the court lacks subject matter jurisdiction over the plaintiffs' petition. Specifically, he claims that the court lacks jurisdiction because Sterling, Omega, and Gardner

---

[1] Although alternatively styled as a motion to abstain, Nunley's motion is limited to arguments in favor of dismissal on jurisdictional or substantive grounds.

2

are indispensable parties to this action who must be joined under Rule 19 of the Federal Rules of Civil Procedure.  He maintains that, once joined, the presence of these additional parties will destroy complete diversity of citizenship, thereby divesting the court of subject-matter jurisdiction.

Several factual matters, including the nature of the relationship between Advocat, Diversicare Leasing, Diversicare Management, Sterling, Omega, and Gardner, remain less than clear.  The petition to compel reveals only that Advocat is a Delaware corporation, and that Diversicare Leasing and Diversicare Management are Tennessee corporations.  Nunley's motion to dismiss the petition explains that all of the state court defendants (including Advocat, Diversicare Leasing and Diverscare Management) were sued in their capacity as "the owners, operators, and managers of Boone Nursing and Rehabilitation" Center, Def.'s Mem. at 1, but does not explain the relationship between the corporate entities.

It is unclear, for example, which, if any, of the state-court defendants are parties to the arbitration agreement at issue here, or whether any of them are entitled to enforce its terms against Nunley.  The plaintiffs' petition states that "[t]he Arbitration Agreement is . . . binding against the

3

related or affiliated businesses of Boone Nursing & Rehabilitation Center," Pet. Compel Arbitration ¶ 21, but the parties' briefing does not address whether the plaintiffs are "related or affiliated businesses," or how they are otherwise parties to the arbitration agreement. Rather, the petition simply states that "[a]lthough [p]laintiffs are not signatories of the Arbitration Agreement, they are entitled to compel arbitration under the well-recognized doctrine of equitable estoppel[.]" Id. ¶ 25.

It is true that "[a] non-signatory may invoke an arbitration clause under ordinary state-law principles of agency or contract," Long v. Silver, 248 F.3d 309, 320 (4th Cir. 2001), and the Supreme Court of Appeals of West Virginia has recognized in certain circumstances "a clear exception to the rule against compelling nonsignatories to arbitrate," United Asphalt Suppliers, Inc. v. Sanders, 511 S.E.2d 134, 138 (W. Va. 1998)(recognizing exception where signatory and nonsignatory have similar corporate identity or interests). But the Supreme Court of Appeals has also emphasized that courts should not lightly assume -- based on nothing more than the bare assertions of the parties -- that exceptions to the nonsignatory rule apply in a particular case. Id. ("While a clear exception to the rule against compelling nonsignatories to arbitrate does exist, the

4

limited record upon which this case was submitted does not permit us to even consider whether that exception applies under the facts of this case. . . . [T]he record before us contains nothing other than a bare assertion [that the exception applies].  We are understandably reluctant to accept such allegation as true without an affidavit or other document evidencing the [applicability of the exception].").

  The plaintiffs claim that the exception applies because [Nunley's] claims are: "(1) Dependent upon duties created by the [nursing home] Admission Contract; (2) Predicated upon allegations that [p]laintiffs acted in concert and interdependently with Boone Nursing & Rehabilitation Center in causing Ms. Nunley's alleged injuries; and (3) Founded upon and intertwined with the alleged duty of Boone Nursing & Rehabilitation Center owed Ms. Nunley that arise from the parties' Admission/Financial Agreement that incorporates by reference the Arbitration Agreement."  Pet. Compel Arbitration ¶ 25.  Neither party has submitted a copy of the state-court complaint, nor any other records from that proceeding, leaving the court with nothing but the plaintiffs' bare assertions that the exception applies.

The lack of information concerning the parties and their relationship to the state-court action undermines Nunley's motion to dismiss as well.  Nunley suggests that Sterling, Omega, and Gardner are necessary parties under Rule 19 at least in part because they are also deemed parties to the arbitration agreement.  A non-joined party may be considered "necessary" under Rule 19(a)(1)(B)(ii) if he claims an interest in the action and "is so situated that disposing of the action in [his] absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]"  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Nunley seems to assert that "the three non-joined parties" are necessary on this basis because they might "attempt to move to compel arbitration in state court, which would then place [Nunley] at substantial risk of incurring inconsistent obligations."  Def.'s Mem. at 7.  Elsewhere, he seems to suggest that the non-joined plaintiffs have already "assert[ed] the existence of the arbitration agreement as a defense" in the state-court action.  Id. at 2.  Once again, however, the court has nothing but Nunley's bare assertions to guide its analysis.

       Before the court can decide the motion to dismiss or the petition to compel arbitration, the parties must clarify these underlying factual issues.

6

Furthermore, Nunley's motion to dismiss is alternatively styled as a motion to abstain, but he has not addressed whether and on what basis this court should refrain from exercising jurisdiction in light of the ongoing state-court action. Although the court may raise the issue of abstention <u>sua sponte</u>, <u>Bellotti v. Baird</u>, 428 U.S. 132, 143 n.10 (1976) ("It would appear that abstention may be raised by the court [s]ua sponte."), briefing from the parties may be useful in sharpening the inquiry. Finally, as noted, Nunley disputes the court's jurisdiction to decide the petition to compel arbitration, but he has not addressed whether the Supreme Court's decision in <u>Vaden v. Discover Bank</u>, 556 U.S. 49, (2009), is applicable to the jurisdictional inquiry in this case.

Accordingly, it is ORDERED that the parties be, and hereby are, directed to: (1) submit a joint stipulation of facts explaining the relationship between the Boone Nursing & Rehabilitation Center and the state-court defendants; (2) submit a joint report on the status of the state-court action as well as a copy of the complaint, any answer(s), and any motion(s) to compel arbitration that have been filed in that case; (3) address whether the plaintiffs or the non-joined state-court defendants are parties to the arbitration agreement because they are "related or affiliated businesses of Boone Nursing &

7

Rehabilitation Center"; (4) address why and on what grounds the nonsignatory exception permits the plaintiffs or the non-joined state-court defendants to assert rights under the arbitration agreement; (5) address whether abstention, including <u>Colorado River</u> abstention, is proper in this case; and (6) address whether <u>Vaden v. Discover Bank</u>, 556 U.S. 49 (2009), is applicable to this case, according to the following schedule:

| Case Event | Due Date |
|---|---|
| Parties' Joint Stipulation and Status Report | 01/10/2014 |
| Plaintiffs' Memorandum as to items 3-6 | 01/17/2014 |
| Defendant's Response to Plaintiffs' Memorandum | 01/31/2014 |
| Plaintiffs' Reply | 02/07/2014 |

In all other respects, the additional briefing shall comply with the requirements of Local Rule 7.1.

ENTER: December 24, 2013

John T. Copenhaver, Jr.
United States District Judge